## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MAJID RAHIMINEJAD**, <br><br> Plaintiff, <br><br> v. <br><br> **MARCO A. RUBIO**, in his official capacity as Secretary of State, *et al.*, <br><br> Defendants. | Case No. 24-cv-3495 (CRC) |

## OPINION

Iranian entrepreneur Majid Rahiminejad applied for an EB-1A employment visa in April 2024. Following an interview by a U.S. consular officer, Rahiminejad's application was first "refused" and subsequently placed into "administrative processing" for further review. Five months later, the State Department had yet to render a final decision. So Rahiminejad filed this suit to compel a determination. He claims the delay breaches the government's duty to adjudicate visa applications within a reasonable amount of time, in violation of the Administrative Procedure Act and the Mandamus Act. The government moves to dismiss. Finding that Rahiminejad has failed to identify a discrete action that Defendants must take on his initially refused application as required to state an unreasonable-delay claim, the Court will grant the government's motion and dismiss this case.

### I.  Background

The Court draws the following background from the allegations in the complaint.

Mr. Rahiminejad is an Iranian citizen and the CEO of Torob, which operates a popular price comparison website in Iran. Compl. ¶¶ 2, 9. In March 2024, Mr. Rahiminejad petitioned

for an EB-1A employment-based visa.  EB-1A visas are available to foreign nationals with extraordinary ability in the sciences, arts, education, business, or athletics.  Id. ¶ 10; Employment-Based Immigration: First Preference EB-1, U.S. Citizenship and Immigration Services (last updated Jan. 24, 2025), https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-first-preference-eb-1.  EB-1A applicants first petition the United States Citizenship and Immigration Services ("USCIS") to certify their qualifications; once certified, the petitioner may then file a visa application.  Id.

USCIS approved Rahiminejad's Form I-140 visa petition approximately one week after he submitted it.  Id. ¶ 11.  Rahiminejad then submitted his visa application and was interviewed by a consular officer at the U.S. Consulate in Frankfurt in July 2024.  Compl. ¶¶ 13–17.  At the end of his interview, Rahiminejad was informed that his application had been refused and placed in administrative processing under § 221(g) of the Immigration and Nationality Act ("INA"). Id. ¶ 18.  When Rahiminejad followed up with the Consular Office to inquire about the status of his application, he was told that administrative processing was ongoing and can "last up to 60 days, but in some instances, it can take significantly longer."  Id. ¶¶ 31–32.  Rahiminejad contends that the delay in further adjudicating his initially refused application is unreasonable and has caused him irreparable injury.  Id. ¶¶ 72, 79.

Accordingly, in December 2024, approximately five months after the visa application was refused, Rahiminejad sued Secretary of State Antony J. Blinken, Assistant Secretary for Consular Affairs Rena E. Bitter, Deputy Assistant Secretary for Visa Services Julie M. Stufft, and Consul General at the U.S. Consulate General in Frankfurt, Germany, Brian Heath

("Defendants") in their official capacities. [1] Id. ¶¶ 50–53.  The complaint asserts that the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), the INA (8 U.S.C. §§ 1202(b), (d); 8 U.S.C. §§ 101(a)(4), (9), (15)(F)(ii), (26)), two State Department regulations (22 C.F.R. § 41.106 and 22 C.F.R. § 41.121(a)), and the Immigration Services and Infrastructure Improvements Act of 2000 (8 U.S.C. § 1571) all require Defendants to adjudicate Rahiminejad's application in a timely fashion.  See Compl. ¶¶ 1, 85, 104–105, 108; Opp'n at 6, 13.  And it seeks an order compelling such action under § 706 of the APA, as well as the Mandamus Act (28 U.S.C. § 1361).  Compl. ¶¶ 60–88, 97–113.  Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Mot. Dismiss at 1.

## II.   Legal Standards

When analyzing a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Giliana v. Blinken, 596 F. Supp. 3d 13, 17 (D.D.C. 2022) (Cooper, J.) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  However, a court need not accept inferences drawn by the plaintiff that are unsupported by facts alleged in the complaint, nor accept the plaintiff's legal conclusions as true. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  And, under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

---

[1]  Per Federal Rule of Civil Procedure 25(d), the successor to each of these listed public officials has automatically been substituted as a defendant.

face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007)).

### III. Analysis

The government advances two arguments in support of its motion to dismiss:  (1) it has no discrete duty to further adjudicate Rahiminejad's visa after refusing it and placing it into administrative processing and (2) the consular nonreviewability doctrine bars judicial review of the delay.  The Court need only reach the first argument.

The government asserts that there is no discrete agency action required of a consular officer after refusing and placing a visa application into administrative processing.  Mot. Dismiss at 5–6.  "The standards for reviewing agency inaction—including visa processing delays—are the same under the APA and Mandamus Act," so the Court will address both claims together. <u>Akrayi v. U.S. Dep't of State</u>, No. 22-cv-1289 (CRC), 2023 WL 2424600 (D.D.C. Mar. 9, 2023). "To state a claim for unreasonable delay, [a plaintiff] must first allege that the agency 'failed to take a discrete agency action that it is required to take[.]'" <u>Da Costa v. Immigr. Inv. Program Off.</u>, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal citations omitted).

To support its argument, the government cites to the D.C. Circuit's unpublished opinion in <u>Karimova v. Abate</u>, No. 23-cv-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), in which the D.C. Circuit affirmed the district court's dismissal of a visa delay claim on the ground that the plaintiff had failed to show a legal duty that the defendants were required to perform.  <u>Id.</u> at *3.  The Circuit reasoned that, under applicable State Department regulations, once the visa application was refused and placed into administrative processing, Karimova's "matter" was "conclude[d.]" <u>Id.</u> at *4.  The government thus had no clear, non-discretionary duty under the

APA to further adjudicate a visa application once it had been refused by a consular officer.  Id. at *3.

      The facts of this case mirror those in Karimova, so a straightforward application of that case would defeat Rahiminejad's claim that APA § 555(b) imposes a further duty to act on a refused application in administrative processing.  As in another recent case before this Court, however, the parties disagree over whether the unpublished decision in Karimova is binding. Compare Opp'n at 8–9 (arguing that Karimova is of "little precedential authority"), with Reply at 2–4 (asserting that unpublished D.C. Circuit panel opinions are precedential for district courts).

      Consistent with its ruling in Doroodchi v. Rubio, No. 23-cv-3170 (CRC), 2025 WL 1865114 (D.D.C. July 7, 2025), the Court rejects the government's contention that Karimova is binding.  See D.C. Cir. R. 36(e)(2).  The Court will nevertheless follow Karimova because "the opinion represents the considered and unanimous judgment of a D.C. Circuit panel" on the issue at hand.  Doroodchi, 2025 WL 1865114, at *4.  The Court will do so despite the considerable tension that exists between the Circuit's interpretation of the regulations and how the visa-review process plays out in real life.  See id.; see also Ibrahim v. Spera, No. 23-cv-2085 (ABJ), 2024 WL 4103702, at *3 n.2 (D.D.C. Sept. 6, 2024).  In practice, applicants like Rahiminejad whose visas are placed in administrative processing are told that the agency will "continue processing" the applications once any requested documentation has been received yet have no remedy for delays during this further "processing" stage. Ibrahim, 2024 WL 4103702, at *3 n.2.

      Having concluded that APA § 555(b) creates no non-discretionary duty to act on Rahiminejad's application, the Court now turns to whether Rahiminejad has identified a non-discretionary duty to act on his application in another statute or regulation.  Rahiminejad locates

such a duty in three places: 8 U.S.C. § 1202(b),[2] 22 C.F.R. § 41.121(a), and 8 U.S.C. § 1571.[3] But none of these statutes or regulations establish a non-discretionary duty that can serve as the basis for Rahiminejad's claim.

Consider first § 1202(b), which provides that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer."  Compl. ¶ 84–85.  Rahiminejad argues that "Congress's use of the word 'shall' imposes a non-ministerial duty on consular officers" to adjudicate visas within a reasonable time frame.  Id. ¶ 86.  The Court is not persuaded. As other courts in this district have concluded, § 1202(b) is meant to illustrate "*who* reviews visa applications rather than whether all applications must be reviewed."  Zarei v. Blinken, No. 21-cv-2102 (CJN), 2021 WL 9146060, at *1 (D.D.C. Sept. 30, 2021).  In other words, the statute is intended merely to "cabin[] the State Department's discretion as to who may review and adjudicate immigrant visa applications" and does not "mandate that all applications actually be adjudicated."  Babamuradova v. Blinken, 633 F. Supp. 3d 1, 15 (D.D.C. 2022).  Section 1202(b) therefore does not create a duty to further adjudicate a visa placed into administrative processing.

Even if the Court were to find that § 1202(b) mandates adjudication, the visa application has already been adjudicated under the logic of Karimova.  There, the Circuit explained that a duty to adjudicate the plaintiff's application created by APA § 555(b) "*at most* could have entitled [the plaintiff] to the official refusal decision [under 221(g)] she already received"; it did

---

[2] Plaintiff alternately cites to §§ 1202(b) and (d).  Section 1202(b) is the relevant statute, as it applies to immigrant visas.

[3] Plaintiff also cites to §§ 1101(a)(4), (9), 15(F)(ii), (26) of the INA.  Compl. ¶¶ 87, 104. Section 1101 is definitional and cannot be construed to create a non-discretionary duty to act. Section 1101(a)(15)(F)(ii), meanwhile, refers to the spouses and minor children of student-visa holders and is thus wholly inapplicable to this case.

not "dictate how the agency can handle her rejected paperwork after a decision has been made." Karimova, 2024 WL 3517852, at *4.

Rahiminejad similarly contends that § 1202(b) requires consular officers to adjudicate the visa within a reasonable time period. However, Rahiminejad has already been issued a 221(g) refusal, which is a valid ground for refusing a visa. 22 C.F.R. § 42.81. As in Karimova, a broad reading of § 1202(b) to require visa adjudication would *at most* entitle Rahiminejad to the INA § 221(g) refusal he has already been issued. Consequently, the Court finds that § 1202(b) does not create a discrete duty to further adjudicate Rahiminejad's visa application.

Rahiminejad also locates a non-discretionary duty in two State Department regulations: 22 C.F.R. § 41.106—which states that "[c]onsular officers must ensure that the Form DS-160 . . . is properly and promptly processed"—and 22 C.F.R. § 41.121(a)—which directs consular officers to either "issue" or "refuse" a completed visa application. Compl. ¶¶ 104–05; Opp'n at 13. Both sections apply to nonimmigrant visa processing and are consequently not applicable here. Even if Plaintiff had cited to the analogous regulations for immigrant visas—22 C.F.R. § 42.63(b) and 22 C.F.R. § 42.81—they would not impose an additional duty on consular officers after issuing an INA § 221(g) refusal. Section 42.81 explicitly lists INA § 221(g) as a valid legal ground under which an immigrant visa may be refused. And § 42.63(b) states merely that Form DS-260 must be "fully and properly completed in accordance with applicable regulations and instructions." Under Karimova, the requirement to "properly and promptly process visa applications [is] satisfied when Plaintiffs' applications were refused." Hemmat v. Blinken, No. 23-cv-2085 (TSC), 2024 WL 4210658, at *4 (D.D.C. Sept. 17, 2024) (citation omitted) (cleaned up). The regulation does not create an additional post-refusal obligation to process the visa within a certain time frame.

Finally, Rahiminejad contends that 8 U.S.C. § 1571 mandates timely adjudication of visa applications. Opp'n at 6. Section 1571 provides: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application[.]" As Defendants note, however, 8 U.S.C. § 1571 applied to the Immigration and Naturalization Service, whose functions were turned over to USCIS in 2002. Reply at 11–12; see 8 U.S.C. § 1551 Statutory Note 2. USCIS does not adjudicate visa applications. For certain employment-based visa categories, applicants are required to file a *petition* with USCIS—for example, to establish that the applicant qualifies as a person of extraordinary artistic ability. U.S. Department of State, Employment-Based Immigrant Visas, Travel.State.Gov, https://travel.state.gov/content/travel/en/us-visas/immigrate/employment-based-immigrant-visas.html (last visited July 28, 2025). After USCIS approves the petition, the applicant then submits the visa *application* to the Department of State. Id. Rahiminejad does not claim that USCIS has neglected its duty to process his petition; the petition was, in fact, approved. Compl. ¶ 3. And 8 U.S.C. § 1571 does not assign any additional duties to the consular officer reviewing the visa application.

Rahiminejad's invocation of additional statutes therefore does not differentiate this case from Karimova. As a result, because Rahiminejad has not identified a discrete agency action that the government is required to take, he has failed to state a claim upon which relief can be granted. Accordingly, the Court will dismiss his complaint.

**IV.    Conclusion**

For these reasons, the Court will dismiss the complaint and the case in a separate order that accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: <u>July 29, 2025</u>